*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DEWALT/WILKERSON, Minors.

UNPUBLISHED
March 12, 2020

No. 350206
Calhoun Circuit Court
Family Division
LC No. 2014-001295-NA

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

Respondent appeals the trial court order terminating his parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), (j) (risk of harm if returned to parent), and (h) (parent imprisoned without provision for proper care and custody). We affirm.

## I. BACKGROUND

Respondent's three children were removed from their mother's care in April 2018. At the time of the removal, respondent was in prison for a conviction of delivery or manufacture of a controlled substance of between 50 and 449 grams. His earliest release date is in February 2022. The children, then ages one, two and three years old, were placed in separate foster care homes. Respondent pleaded no contest to several of the allegations in the removal petition, including that he was not able to provide care and custody for his children and would not be able to do so within a reasonable time. Respondent was present at all court hearings by video.

The supplemental petition for termination of respondent's parental rights was filed in February 2019. At the termination hearing, the caseworker testified to respondent's compliance with the parent-agency treatment plan (PATP), which provided that he needed counseling for emotional stability, substance abuse counseling and services, and parenting education. While in prison, respondent participated in a counseling group that addressed coping skills, decision-making, and substance abuse. He also attended AA and NA meetings. Respondent was on the waiting list for parenting classes, but the list is prioritized by exit date. During his incarceration, respondent did not maintain contact with his children. Considering the lack of contact and the

-1-

children's young ages, the caseworker opined that there was not a strong bond between respondent and his children. The caseworker also testified that respondent's three children were placed in different foster homes and that there were adoption opportunities for all of them. The trial court found clear and convincing evidence to terminate respondent's parental rights under multiple statutory grounds and that termination of his parental rights was in the best interests of the children.

## II. STANDARD OF REVIEW

We review for clear error the trial court's factual findings and its ultimate determination that a statutory ground has been established. See *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010); MCR 3.977(K). We also review for clear error a trial court's decision regarding the child's best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

## III. ANALYSIS

Respondent's parental rights were terminated under MCL 712A.19b(3)(c)(*i*), (j), and (h), which provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

> (h) The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> * * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

On appeal, respondent argues that he participated in all the available classes that he could take at the prison, appeared at all the hearings, and was genuinely concerned about the welfare of his children. He contends that he could not control the length of time that he would be incarcerated and that he was fully committed to taking care of his children as soon as he was released.

-2-

Therefore, he concludes that the trial court clearly erred in terminating his parental rights. We disagree.

The children were removed on April 18, 2018. On May 31, 2018, respondent admitted to several allegations in the petition, including that he could not provide care for his children within a reasonable time because he was incarcerated. At the final day of the termination hearing, on July 15, 2019, respondent was still incarcerated and unable to provide for his children. Therefore, the conditions that led to the adjudication continued to exist and it was unlikely that respondent would be able to rectify those conditions in a reasonable amount of time given that his earliest release date is in February 2022. Accordingly, the trial court did not clearly err in terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

There was also sufficient evidence to support termination under MCL 712A.19b(3)(h). Respondent's earliest release date was three years from the filing of the termination petition. Following his release, he would have to maintain sobriety and demonstrate that he benefitted from the services he participated in while incarcerated. In addition, he would have to comply with the other requirements of his PATP, including finding and maintaining a suitable home and income and attending and benefiting from services. Thus, the children would be left in the uncertainty and instability of foster care for years, with no guarantee that respondent would actually be able to demonstrate that he could find a stable home, employment, and maintain sobriety. Given the length of time it would take for respondent to demonstrate that he could provide proper care and custody, the trial court did not clearly err in finding that there was no reasonable expectation that he would be able to provide proper care and custody within a reasonable time considering the ages of his children.

Regarding subsection (j), the court found that respondent was unable able to care for or provide for the children at the time of termination. Respondent had not participated in parenting classes and had not been able to demonstrate whether he had derived any benefit from the services in which he did participate while incarcerated. Therefore, there was a basis for the finding that the children would be at risk of harm if returned to respondent. Thus, the trial court did not clearly err in finding clear and convincing evidence to support termination under MCL 712A.19b(3)(j).

Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court must find that termination is in the child's best interests before it can order termination of parental rights. MCL 712A.19b(5). The petitioner must prove by a preponderance of the evidence that termination of parental rights is in the child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In determining the child's best interests, "the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (quotation marks and citations omitted).

The court found that the children needed safety, stability, and permanency, that a guardianship would not provide for their needs, that they had not seen either parent in over a year, and their bond with respondent was not strong. In addition, there were foster parents who were interested in adopting these children. Respondent does not argue that any of those findings were erroneous, and there was no evidence that he would be able to provide the children a permanent,

safe, and stable home in the near future. Considering the children's ages, the lack of parental bond, and respondent's history of substance abuse and incarcerations, the trial court did not clearly err in finding that termination of respondent's parental rights was in the best interests of his children.

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Anica Letica